IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

QUINTON MCCLENDON, #90555-020     PETITIONER

VERSUS     CIVIL ACTION NO. 5:04cv317DCB-JCS

C. REESE, Warden FCI-Yazoo     RESPONDENT

## MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner McClendon, an inmate at the Federal Correctional Complex -Yazoo City, Mississippi, files this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon review of the petition and responses to court orders, the court has reached the following conclusions.

Petitioner is currently incarcerated based on his plea of guilty in July of 2002 to the distribution of cocaine base in the United States District Court for the Middle District of Georgia. Petitioner was sentenced to serve 151 months in the custody of the Bureau of Prisons. Petitioner states that he has not asserted the ground presented in this case in a motion for relief under 28 U.S.C. § 2255.

### Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must

be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant civil action, the petitioner contends that he should have been awarded 3 points for acceptance of responsibility in his sentencing calculation. Petitioner argues that the Sixth Amendment prohibits the use of a prior conviction, obtained in a criminal proceeding in which the defendant lacked effective assistance of counsel, to enhance a sentence. [1] Clearly, these allegations relate to the actual validity of the petitioner's sentence and the alleged errors occurred during or before sentencing. As such, this court does not have jurisdiction to address the constitutional issue presented by petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2] On December 15, 2004,

---

[1] Although the petitioner refers the court to the criminal history section of his P.S.I. or pre-sentence investigation report to support his allegation, he fails to provide the court with a copy of that document.

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

2

this court entered an order directing the petitioner to file a written response to provide particular information to the court. Among other things, this order directed the petitioner to "specifically state if the petitioner is claiming that a motion pursuant to 28 U.S.C. § 2255 is an inadequate or ineffective means of attacking his current confinement and if so, state grounds to support this assertion." Order [2-1]. The petitioner stated in his response that he just learned of the "ineffectiveness by the attorney, therefore, petitioner moves to get relief that is due and deemed by the court under 28 U.S.C. § 2241." Response [3-1]. On February 22, 2005, an order [6-1] was entered directing the petitioner to show cause why this case should not be dismissed as the proper subject of a 28 U.S.C. § 2255 motion and not properly pursued in this § 2241 action by stating how this case satisfies the stringent "inadequate or ineffective" requirement of the "savings clause."[3] In petitioner's response [6-1], he states that the court is not focusing on the real issue at hand, which is the Sixth Amendment prohibition of the use of a prior conviction obtained in a criminal proceeding without the assistance of counsel. Response [6-1] at page 1.

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test

---

sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

[3] This order advised petitioner of the test to proceed under the savings clause provided by the Fifth Circuit in Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).

3

are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or fist § 2255 motion.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Id. at 904. The petitioner fails to provide any argument to establish he is actually innocent of his conviction. The distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1), was a crime at the time of his conviction, and it continues to be a crime today. Clearly, the petitioner was not convicted of a nonexistent crime. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena). Thus, the petitioner has failed to meet the first prong of the Reyes-Requena test. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test.

4

Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack v. Yusuff, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)). Further, this court is not persuaded by the fact that the petitioner is beyond the one-year statute of limitation to file a § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 902 (citing Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Therefore, since the petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claim. Therefore, this petition shall be dismissed as frivolous, without prejudice, and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice. See Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the 18th day of April, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

5